UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL MCCARTHY,<br><br>          Plaintiff,<br><br>v.<br><br>GLOBE LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>          Defendant. | 2:11-CV-1782 JCM (VCF) |

**ORDER**

Presently before the court is plaintiff Michael McCarthy's motion to remand the case to the Eighth Judicial District Court, Clark County, Nevada. (Doc. #10). Defendant Globe Life and Accident Insurance Company ("Globe") has filed an opposition (doc. #12), to which Mr. McCarthy has filed a reply (doc. #14).

On August 26, 2011, Mr. McCarthy filed a complaint against Globe in state court alleging breach of contract, contractual and tortious breach of the implied covenant of good faith and fair dealing, unfair claims practices, and breach of fiduciary duty. The complaint was brought individually and as a beneficiary of a life insurance policy purchased by the deceased insured. Mr. McCarthy's complaint against Globe is premised on Globe's denial of his life insurance claim for benefits under the deceased insured's policy. After being served with the complaint, Globe removed

**James C. Mahan**
**U.S. District Judge**

the case to federal court based on diversity jurisdiction.[1]  The instant motion to remand follows.

1.      Standard of Review

An action filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over the action.  28 U.S.C. § 1441(a).  Subject matter jurisdiction exists over suits between citizens of different states where the amount in controversy exceeds to sum or value of $75,000.  28 U.S.C. § 1332(a).  The removal statutes are construed restrictively, and doubts regarding the viability of removal are resolved in favor of remanding the case to state court.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Where the complaint does not establish the amount in controversy, the "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]."  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

2.      Analysis

Globe appears to argue that because Mr. McCarthy made a pre-litigation demand of $50,000, exclusive of any amounts due and owing under the insurance policy, and now seeks both compensatory and punitive damages, the amount in controversy necessarily exceeds $75,000.  To support its argument, Globe cites to a case from the Central District of California, wherein the court held that punitive damages and attorney's fees were each properly considered in determining the jurisdictional amount.  *See Campbell v. Hartford Life Ins. Co.*, – F. Supp. 2d – , 2011 WL 4386413 (E.D. Cal. 2011).  The court in *Campbell* explained that "[w]hile an award of punitive damages and attorney's fees alone would not necessarily exceed $75,000, when viewed in combination with the alleged compensatory damages totaling at least $60,000, the amount in controversy clearly exceeds the jurisdictional minimum."  *Id.* at *3.

---

[1] The court will not address Mr. McCarthy's timeliness argument, other than to say that the removal petition was timely filed.  *See* Fed. R. Civ. P. 6(a)(1)(C)

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  To persuade the *Campbell* court with a preponderance of evidence that the jurisdictional minimum was met in that case, the defendant "highlight[ed] jury verdicts with substantial punitive damage awards . . . [and] point[ed] out that courts often apply a four-to-one ratio in remitting punitive damages awards. . . ." *Id.* at *3. In the present case, however, Globe has not provided any evidence regarding the possible punitive award. Instead, Globe appears to argue that its citation to *Campbell* is sufficient to carry its burden to establish that removal is appropriate. This court disagrees.

As explained in *Sheets* and *Gaus* the removal statutes are construed strictly against removal. *Sanchez* and *Guglielmino* make clear that the removing defendant carries the burden of establishing that the jurisdictional amount is met. To do this, the defendant "must provide *evidence* establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *See Sanchez*, 102 F.3d at 404 (emphasis added). Globe has provided a case citation and argument, but no *evidence*. Accordingly, this court does not find that Globe has shown, by a preponderance of the evidence, that the jurisdictional minimum is met.

Therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Mr. McCarthy's motion to remand (doc. #10) be, and the same hereby is, GRANTED.

DATED January 20, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -